UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| TARA ANTOINETTE JOHNSON, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. CV409-190<br>CR406-390 |

## REPORT AND RECOMMENDATION

Tara Johnson moves over the government's opposition for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) For the reasons that follow, her motion should be **DENIED**.

I. **BACKGROUND**

Johnson pleaded guilty to a one-count indictment charging her with distributing five grams or more of cocaine base. (Cr. docs. 50 & 52.) On July 24, 2007, she was sentenced to 90 months' incarceration (cr. doc.

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV409-190. "Cr. doc." refers to documents filed under movant's criminal case, CR406-390.

61), and she took no appeal. (Doc. 1 at 1.) Over a year later, on November 24, 2008, Johnson filed an 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence.[2] (Cr. doc. 73.) That motion was denied on December 5, 2008.[3] (Cr. doc. 74.) Over four months later, on April 24, 2009, Johnson appealed the denial of her § 3582(c)(2) motion. (Cr. doc. 75.)

While her § 3582(c)(2) appeal was still pending, Johnson filed a § 2255 motion (cr. doc. 78), which the Court dismissed without prejudice to refiling once the Eleventh Circuit ruled on her appeal. (Cr. docs. 79 & 81.) On November 25, 2009, the Eleventh Circuit dismissed her appeal as untimely (cr. doc. 86), and on December 4, 2009, she submitted her present § 2255 motion for filing. (Doc. 1 at 6.)

---

[2] The motion was premised upon the Sentencing Commission's issuance of Amendment 706, which revised the Drug Quantity Table in U.S. Sentencing Guidelines Manual § 2D1.1(c) and effectively provided for a two-level reduction in the base offense level applicable to most crack cocaine offenses.

[3] The district judge departed downward in imposing Johnson's original 90 month sentence. (Cr. doc. 58.) Taking into account Amendment 706's sentencing guidelines adjustment, the district judge determined that Johnson's new sentencing range was 78 to 97 months, rather than the 97 to 121 months determined at sentencing. (Cr. doc. 74.) After considering the 18 U.S.C. § 3553(a) sentencing factors, the judge determined that 90 months was still "the appropriate sentence in this case." (Cr. doc. 74.)

## II. ANALYSIS

The government contends that Johnson's motion is untimely and should be denied.[4] (Doc. 6 at 1.) The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2255 to require a movant to file a § 2255 motion within one year of the date movant's conviction becomes final. 28 U.S.C. § 2255(f)(1). "A conviction becomes final once the time for filing a direct appeal has expired." *Brown v. United States*, 318 F. App'x 749, 750 (11th Cir. 2008) (citing *Adkins v. United States*,

---

[4] Alternatively, the government argues that Johnson's claims are procedurally barred by her failure to raise them before the Eleventh Circuit. (Doc. 6 at 3.) It misses a fundamental point. Two of Johnson's three claims raise sentencing issues arising from a post-sentencing change in the guidelines. (Doc. 1 at 4.) Such claims are not constitutional in nature, despite Johnson's characterization. *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998). Hence, they are not even cognizable in a § 2255 proceeding absent a showing of a complete miscarriage of justice, which Johnson has not made here. *Lynn v. United States*, 365 F.3d 1225 at 1232-33 (11th Cir. 2004).

Moreover, her third claim, which alleges attorney ineffectiveness, is not subject to a procedural bar. *Massaro v. United States*, 538 U.S. 500, 504 (2003). The claim fails, regardless. Johnson conclusorily contends that her defense counsel failed to ensure that the district judge properly applied the two-step analysis detailed in *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). (Doc. 1 at 4.) Johnson was not represented during her § 3582(c)(2) proceedings, hence the claim must relate to her original sentencing. *Bravo*, however, only applies to § 3582(c)(2) proceedings. Consequently, there was no *Bravo* error at sentencing and her counsel did not perform deficiently for failing to raise such a claim. To the extent that she believes the district judge erred during her § 3582(c)(2) proceedings, she is mistaken. The district judge first determined her new base offense level (step one) and then it considered the factors listed in 18 U.S.C. § 3553(a) (step two), exactly as *Bravo* requires. (Cr. doc. 74.)

3

204 F.3d 1086, 1089 n.1 (11th Cir. 2000)). "For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket." *Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005) (citing Fed. R. App. P. 4(b)(1)(A)(i)[5]).

Here, Johnson was sentenced and her judgment was entered on July 24, 2007. (Cr. doc. 61.) The order denying her motion for a § 3582(c)(2) adjustment was entered on December 5, 2008. (Cr. doc. 74.) She did not appeal the first judgment or timely appeal the second. The Court, then, must choose the proper judgment date (July 24, 2007 or December 5, 2008) and then add ten days to it in order to determine when the limitations period accrued. Johnson, of course, argues that her sentence was not final until the Court entered its December 5, 2008 order denying her § 3582(c)(2) motion. (Doc. 2 at 2.) She relies on *Burton v. Stewart*, 549 U.S. 147, 153 (2007), which indicated that state convicts may file a 28 U.S.C. § 2254 petition challenging their

---

[5] In 2009, Fed. R. App. P. 4(b) was amended to change the time limit to fourteen days in conformance with changes made to the Federal Rules of Civil Procedure. Fed. R. App. P. 4 comments.

resentencing within one year of the resentencing. *See Ferreira v. Sec'y Dep't of Corr.*, 494 F.3d 1286, 1289-93 (11th Cir. 2007) (recognizing that under *Burton*, the limitations period runs from the date that the sentence becomes final). Her reliance is misplaced, however. "A sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). Hence, a § 3582(c) sentence modification, whether granted or denied, does not restart the § 2255(f)(1) limitations period. 18 U.S.C. § 3582(b) (notwithstanding the fact that a sentence may be subject to modification under 3582(c)(2), "a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes"); *United States v. Dixon*, 2009 WL 1559947 at *3 (E.D. Pa. June 3, 2009) ("a motion under § 3582(c)(2) does not affect the finality of a sentence and judgment of conviction. . . . 18 U.S.C. § 3582(b) makes it absolutely clear that the finality of a judgment of conviction and sentence is not affected by the possibility that the sentence might be later modified."); *Gomez v. United States*, 2009 WL 1309338 at *2 (N.D. Tex. May 11, 2009) (order reducing sentence pursuant to § 3582(c)(2) "did not alter the date on which [the] judgment of conviction became

5

final under § 2255(f)(1)"); *cf. Peagler v. United States*, 2009 WL 1383325 at *2 (M.D. Ala. May 15, 2009) (applying same reasoning after grant of a Fed. R. Crim. P. 35 motion). Consequently, Johnson's conviction became final on August 7, 2007, ten days after sentencing, excluding weekends and holidays. Johnson filed her initial, placeholder § 2255 motion on May 21, 2009 and her renewed motion on December 4, 2009. Her motion should have been filed by August 7, 2008. Hence, under either § 2255 filing date, her motion is untimely[6] and should be denied.

### III. CONCLUSION

For the foregoing reasons, Johnson's § 2255 motion (doc. 1) should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to

---

[6] Johnson has not contended that equitable tolling applies to her case.

raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this  12th  day of February, 2010.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA